# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>　　　　　　　　　　　　　　　　)<br>　　Plaintiff-Respondent, )<br>　　　　　　　　　　　　　　　　)<br>vs. 　　　　　　　　　　　　　　 )<br>　　　　　　　　　　　　　　　　)<br>STEVIE JEROME WILLIAMS, 　 )<br>　　　　　　　　　　　　　　　　)<br>　　Defendant-Movant. 　　　 ) | Case No. CR-96-152-M<br>　　　　(CIV-16-877-M) |

## ORDER

Defendant-Movant Stevie Jerome Williams ("Williams"), a federal prisoner, filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Plaintiff-Respondent United States of America has filed its response.

I.　Introduction

On January 22, 1997, a federal grand jury in the Western District of Oklahoma returned a Superseding Indictment charging Williams with bank robbery (Counts 1 and 4), in violation of 18 U.S.C. § 2113(a); being a felon in possession of a firearm (Count 2), in violation of 18 U.S.C. § 922(g)(1); transporting a firearm in interstate commerce with the intent to commit armed robbery (Count 3), in violation of 18 U.S.C. § 924(b); and possessing a firearm during and in relation to a crime of violence (Count 5), in violation of 18 U.S.C. § 924(c)(1). A jury convicted Williams on all counts. On September 19, 1997, Williams was sentenced to life imprisonment on Count 1, 180 months of incarceration on Count 2, 120 months of incarceration on Count 3, 240 months of incarceration on Count 4, and 60 months of incarceration on Count 5, with Counts 1 through 4 to run concurrently with each other but consecutively with Count 5.

Williams appealed, and the Tenth Circuit affirmed. *See United States v. Williams*, No. 97-6332, 1998 WL 166097 (10th Cir. April 10, 1998). On November 29, 2000, Williams filed his

first motion to vacate pursuant to 28 U.S.C. § 2255.  On June 5, 2002, this Court denied Williams' § 2255 motion.  Williams subsequently filed a motion pursuant to Federal Rule of Civil Procedure 60(b), which this Court denied.  Williams appealed, and the Tenth Circuit dismissed the appeal as untimely.  *See United States v. Williams*, 179 F. App'x 522 (10th Cir. 2006).

On May 10, 2016, Williams filed an application seeking authorization to file a successive § 2255 motion in light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015).  The Tenth Circuit granted Williams' application and transferred the motion to this Court to be filed as an authorized successive § 2255 motion effective May 10, 2016.

II.     Discussion

In his § 2255 motion, Williams alleges that his conviction was improperly enhanced under the now-invalid residual clause of the Armed Career Criminal Act ("ACCA") in light of the Supreme Court's decision in *Johnson*.  Williams' sentence on Count 2 is the only sentence enhanced by the ACCA.  Williams has already completed his term of incarceration on Count 2.  Williams began serving his term of incarceration no later than November 6, 1997, and Williams' sentence on Count 2 expired no later than November 6, 2012.  Additionally, because Williams' sentence on Count 2 was ordered to run concurrently with Williams' life sentence on Count 1, even granting Williams relief under *Johnson* would not decrease the amount of time he has remaining to serve or have any other impact on his imprisonment.[1]  "Where judicial relief will not remedy the [defendant's] injury, the [defendant] can no longer satisfy the Article III case or controversy jurisdictional requirement and the [claim] is moot." *United States v. Vera-Flores*, 496 F.3d 1177, 1180 (10th Cir. 2007) (internal quotations and citation omitted).  Further, under the

---

[1] Further, because Williams was sentenced to three years of supervised release on Counts 1-5 to be served concurrently, granting Williams relief would also not decrease the amount of time he has to serve on supervised release.

2

"concurrent sentence doctrine", a court may decline to review the length of a concurrent sentence where "the defendant suffers neither prejudice nor collateral consequence as a result of the sentence." *United States v. Harris*, 695 F.3d 1125, 1139-40 (10th Cir. 2012) (internal citations omitted).

Accordingly, because granting Williams relief under *Johnson* would have no impact on his sentence, the Court finds he has failed to state a live controversy and his § 2255 motion should be dismissed as moot.

III. Conclusion

For the reasons set forth above, the Court DISMISSES AS MOOT Williams' motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Additionally, the Court FINDS Williams' Motion for Appointment of Counsel Pursuant to 18 U.S.C. § 3006A(a)(2)(B) [docket no. 149 in Case No. CR-96-152-M] is also MOOT.

**IT IS SO ORDERED this 20th day of December, 2017.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE